IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10 CR 31-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PAUL KENNETH TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned on April 13, 2015 pursuant to a Violation Report (#85) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Anthony A. Coxie, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

On November 14, 2014 the United States Probation Office filed a Petition

1

(#77) that presented allegations that Defendant had violated terms and conditions of his supervised release. On December 1, 2014, the undersigned conducted an initial appearance hearing for Defendant, and on December 3, 2014 entered an Order (#82) setting terms and conditions of prehearing release for Defendant. The terms and conditions of release included the following:

> (8)(s) The defendant is to participate in the following location monitoring program component and abide by its requirements as the pretrial service officer instructs:
>
> Court ordered home detention
>
> (8)(3) Defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number.

On December 27, 2014, Defendant physically removed his monitoring equipment at his residence and absconded from supervision. Defendant did not advise the court, defense counsel and the U.S. Attorney in writing before he left his residence without permission or advisement.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1)   finds that there is----
   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any other condition of release; and
(2)   finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence that Defendant violated the terms and conditions of release that ordered he participate in location monitoring program components and abide by the requirements of the program in that Defendant physically removed his monitoring equipment and left his residence. The undersigned further finds by clear and convincing evidence that Defendant, after leaving his residence, failed to notify the Court, his defense counsel, or the U.S. Attorney in writing of this address and its change or telephone number. Defendant left his residence on December 27, 2014 and absconded from supervision.

Due to the findings made above, it appears there is no condition or

combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is further of the opinion that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#82) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: April 15, 2015

_____
Dennis L. Howell
United States Magistrate Judge